RAILWAY COMPANY *v.* CLARK.

Opinion delivered February 17, 1894.

1.   *Carriers—Penalty for overcharge in fare.*
     Under the act of April 4, 1887, fixing the maximum fare of passengers on railroads in this State over seventy-five miles in length at three cents per mile, and providing that any person or corporation that " shall charge, demand, take, or receive

any greater compensation" therefor than is prescribed in the act shall forfeit for every such offense any sum not less than fifty dollars nor more than two hundred dollars, an honest mistake by the conductor of a train in making change for a passenger, without the intention of taking an amount greater than is lawful, will not make the company liable.

2.   *Evidence—Withdrawn answer.*
  An answer that has been withdrawn is not admissible in evidence on plaintiff's behalf.

Appeal from Sebastian Circuit Court, Fort Smith District.

EDGAR E. BRYANT, Judge.

Action by Clark against the Little Rock & Fort Smith Railway Company.   The facts are stated by the court as follows :

The appellee recovered judgment in the Sebastian circuit court for $125, under the statute of 1887 (Acts 1887, p. 227.), to regulate the rates of charges for the carriage of passengers, and providing, among other things, "that the maximum sum which any corporation operating a line of railroad in this State shall be authorized to charge on lines over seventy-five miles in length is three cents per mile."

Section 3 of said act provides:   "Any of the persons or corporations mentioned in section one that shall charge, demand, take, or receive from any person or persons aforesaid any greater compensation for the transportation of passengers than is in this act allowed or prescribed, shall forfeit and pay for every such offense any sum not less than fifty dollars, nor more than three hundred dollars, and costs of suit, including a reasonable attorney's fee, to be taxed by the court where the same is heard on original action, by appeal or otherwise, to be recovered in a suit at law by the party aggrieved in any court of competent jurisdiction.   And any officer, agent or employee of any such person or corporation, who shall knowingly and wilfully violate the

provisions of this act, shall be liable to the penalties prescribed in this section, to be recovered in the same manner."

The appellee testified that he boarded appellants' train at Van Buren to go to Fort Smith ; that he did not buy a ticket. The conductor demanded his fare, and he paid the conductor twenty cents ; did not know whether he handed him exact change, or a quarter, or fifty cents. The conductor testified that he was positive that he did not charge any passenger more than fifteen cents, on the day named by appellee, for fare from Van Buren to Fort Smith ; that he would not undertake to say that he did not, in any instance, on that day, receive more than fifteen cents from a passenger for fare between the two points, but was positive, if he did, it was a mistake in making change, which might possibly have occurred ; he did not intentionally charge or receive more than fifteen cents for such fare.

The appellant asked the following instruction, which was refused : "1. The language of the statute is ' charge, demand, take or receive.' This means a reception or demanding of an amount that is in excess of what is lawful, knowing that he is receiving that amount. An honest mistake by a conductor in making change, without the knowledge or intention of taking an amount greater than he intended to charge, or than was lawful, and without his attention being called to it by the passenger, will not make the defendant liable."

*Dodge & Johnson* and *C. B. Moore* for appellant.

1. The court erred in refusing to declare the law as asked in prayer No. 1 by defendant.

2. It was error to permit plaintiff to introduce in evidence defendant's answer, after it had been stricken out. 27 S. C. 150 ; 3 S. E. Rep. 63 ; 77 Cal. 340 ; 19 Pac. Rep. 579 ; 71 Cal. 126 ; 11 Pac. Rep. 871 ; 41 Fed. Rep. 172.

3. Without the answer there was no evidence as to the distance between Van Buren and Fort Smith, and the verdict is not supported by any evidence.

WOOD, J., (after stating the facts.) Construing the first clause of the section of the act above quoted in its own terms, and with reference to the language employed in the second, we conclude that the legislature did not intend to hold corporations liable under the act for an amount above the maximum fare received by their agents unintentionally. Should the conductor, in any case, demand, charge, or receive more than the lawful fare, the presumption would be that he intended what he did. The corporation, of course, must be held to know the distances over its line between different points; and whenever an excessive amount is received, it is *prima facie* liable. The presumption of intention which follows the mere act of taking or receiving may be overcome by proof to the contrary. Hence, the above instruction was the law applicable under the facts, and should have been given. In view of a rehearing, we suggest that it would be in better form to make the latter clause read: "An honest mistake by a conductor in making change, without the intention of taking an amount greater than was lawful, will not make defendant liable;" eliminating, "and without his attention being called to it by the passenger." If the conductor intends to receive the excess, the company is liable, whether the passenger calls his attention to it or not. Under the facts of this case however, this clause was merely surplusage, and not prejudicial.

1. Liability of carrier for overcharge made by mistake.

The court also erred in permitting the appellee to read the original answer of appellant as an admission after same had been withdrawn. *Holland* v. *Rogers*, 33 Ark. 251; Greenleaf on Ev. Vol. 1, sec. 171, note 1

2. After withdrawal a pleading is not evidence.

(*a*), and authorities there cited ; also authorities cited in brief for appellant.

Reversed and remanded.