St. Louis, Iron Mountain & Southern Railway Company *v.*
Freeman.

Opinion delivered May 23, 1910.

1. Statutes—construction of penalties.—The rule that penal statutes
   should be construed strictly does not require that the words of a
   penal statute should be so narrowed as to exclude cases which those
   words, in their common and ordinary acceptation, would comprehend.
   *St. Louis, I. M. & S. Ry. Co.* v. *Waldrop,* 93 Ark. 42, followed.
   (Page 219.)

2. Carriers—overcharge—party aggrieved.—Where a ticket was pur-
   chased for plaintiff by another, and was accepted by the railroad
   company for her fare, she was the "party aggrieved" by an over-
   charge therefor and entitled, under Kirby's Digest, § 6620, to recover
   the penalty therefor. (Page 219.)

Appeal from Hempstead Circuit Court; *Jacob M. Carter,*
Judge; affirmed.

*W. E. Hemingway, E. B. Kinsworthy* and *Jas. H. Steven-
son,* for appellant.

The party who purchased the ticket is the only person enti-
tled to sue for the statutory penalty. 30 Cyc. 1340. The statute
is a penal one. *St. L., I. M. & S. Ry. Co.* v. *Waldrop,* 93 Ark. 42.
And it must be strictly construed. 64 Ark. 271; 65 Ark. 159;
68 Ark. 34; 74 Ark. 364; 79 Ark. 214; *Id.* 517; 87 Ark. 409; 88
Ark. 277; 89 Ark. 488. Only the sender of a dispatch is the party
aggrieved. 115 Ind. 191. In a suit for a statutory penalty, the
person to whom the message is sent cannot become the party ag-
grieved. 95 Ind. 12; 108 Ind. 538; 157 Ind. 37. The father could
not be the "party aggrieved." 138 Pa. 48. "Aggrieved," in
its legal sense, means having suffered loss or injury. 23 Tex.
Civ. App. 80; 90 Tex. 89; 18 Tex. Civ. App. 400.

Hart, J. This is an appeal by the St. Louis, Iron Mountain
& Southern Railway Company from a judgment rendered against
it in favor of Mrs. Ervina McGettie Freeman. The action was
brought by her to recover the penalty provided by section 6620
of Kirby's Digest for an overcharge in passenger fare.

The ticket in question was bought and paid for by Cyrus
Gordan, her father. It was purchased for the use of the plain-
tiff, and was used by her on one of the defendant's passenger
trains in going from Hope, Ark., to Mandeville, Ark.

The sole question raised by the appeal is, was she entitled to maintain the action?   Sec. 6620 of Kirby's Digest, under which the suit was brought, reads as follows: .

"Any of the persons or corporations mentioned in sections 6611, 6612, 6613 and 6614 that shall charge, demand, take or receive from any person or persons aforesaid any greater compensation for the transportation of passengers than is in this act allowed or prescribed shall forfeit and pay for every such offense any sum not less than fifty dollars, nor more than three hundred dollars and costs of suit, including a reasonable attorney's fee, to be taxed by the court, where the same is heard on original action, by appeal or otherwise, to be recovered in a suit at law by the party aggrieved in any court of competent jurisdiction. And any officer, agent or employee of any such person or corporation who shall knowingly and wilfully violate the previsions of this act shall be liable to the penalties prescribed in this section, to be recovered in the same manner."

It is contended by the counsel for the defendant that she is not the "party aggrieved" within the meaning of the statute, and therefore not entitled to maintain the action.

In construing this statute in the case of *St. Louis, Iron Mountain & Southern Railway Company* v. *Waldrop,* 93 Ark. 42, the court held (quoting syllabus) :

"The rule that a penal statute should be construed strictly does not require that the words of a penal statute should be so narrowed as to exclude cases which those words, in their common and ordinary acceptation, would comprehend."

We think the persons referred to in the first part of the section of the statute quoted are those intending to become passengers, and that the statute was passed for their protection. The ticket in question, although paid for by Gordan, was destined for the use of the plaintiff.   It was purchased for her benefit, and was accepted by the railroad company in payment of her fare.   We are of the opinion that she was the "party aggrieved," and was entitled to maintain the action.

The judgment will be affirmed.