ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY
*v.* FRISBY.

## Opinion delivered May 30, 1910.

1.  CARRIERS—OVERCHARGE FOR TRANSPORTATION OF PASSENGERS—PARTY AGGRIEVED.—One for whom a railroad fare is paid by another is the "party aggrieved" within Kirby's Digest, § 6620, imposing a penalty upon a railroad company for charging a greater compensation for the transportation of passengers than is allowed by law. (Page 283.)

2.  SAME—OVERCHARGE.—Where a passenger upon a railway train tendered a full fare ticket to her destination and a greater amount was wrongfully demanded and received by the train auditor, the company will be held to have charged an excessive compensation. (Page 283.)

Appeal from Hempstead Circuit Court; *Jacob M. Carter,* Judge; affirmed.

*W. E. Hemingway, E. B. Kinsworthy* and *James H. Stevenson,* for appellant.

As between the passenger and conductor, the ticket produced must govern. Hutch. on Car., § 1061; 65 Ark. 177; 88 Ark. 282. If a passenger loses his ticket he may be required to pay again, and the auditor is not required to take excuses, nor decide upon the *bona fides* of the passenger. Hutch. on Car., § 1036. Even if there were an overcharge, the plaintiff was not the party aggrieved within the meaning of Kirby's Dig., § 6620.

*J. O. A. Bush,* for appellee.

The company made an overcharge, within the meaning of Kirby's Dig., § § 6611-14.

HART, J. This is an appeal by the St. Louis, Iron Mountain & Southern Railway Company from a judgment recovered against it by Mattie Frisby for an alleged overcharge of passenger fare.

The plaintiff was an orphan girl, 18 years old, and lived with T. J. Hawkins near Prescott, Arkansas. Mr. Hawkins bought two tickets from Prescott to Hope, Arkansas, for the use of the plaintiff and his daughter, Gladys, who at the time was not quite 12 years of age. He purchased a round trip ticket for an adult for the use of the plaintiff and a half-fare single ticket for his daughter. The girls boarded one of defendant's passenger trains at Prescott *en route* to Hope, and

occupied the same seat, the plaintiff being next to the window of the car. By mistake; each had the ticket intended for the other. The train auditor first took up the ticket handed him by Gladys, and gave back to her that part of it intended for the return trip. The plaintiff then handed him the ticket she had, and, after he had punched it, asked him if he was not going to give back to her the return part of it. The auditor then looked at her and asked her how old she was, and she replied 18 years. The auditor then told her that she could not ride on a half-fare ticket. Plaintiff then noticed the mistake in handling the tickets and explained to the auditor that she and Gladys had gotten their tickets changed by mistake. That she had given him Gladys's ticket and that Gladys had handed him plaintiff's ticket. The auditor did not accept the explanation, and demanded of her an additional sum to make up the difference between a half and a whole-fare ticket. The plaintiff told him she had no money, but Gladys paid him the additional fare demanded.

This is substantially the version of the transaction as narrated by the plaintiff and her witnesses.

The train auditor testified that they did not tell him that the half-fare ticket was for the little girl. He said he asked them if they had not got their tickets mixed, and that they said they had not. He does admit; however, that he demanded of plaintiff and received the sum of 23 cents, which was the difference in price between a half and a whole fare ticket.

The action was brought under section 6620 of Kirby's Digest, which is as follows:

"Any of the persons or corporations mentioned in sections 6611, 6612, 6613 and 6614 that shall charge, demand, take or receive from any person or persons aforesaid any greater compensation for the transportation of passengers than is in this act allowed or prescribed shall forfeit and pay for every such offense any sum not less than fifty dollars, nor more than three hundred dollars and costs of suit, including a reasonable attorney's fee, to be taxed by the court, where the same is heard on original action, by appeal or otherwise, to be recovered in a suit at law by the party aggrieved in any court of competent jurisdiction."

It is first insisted by counsel for defendant that the plaintiff can not maintain the action because she did not herself purchase the ticket and was not the "party aggrieved" within the meaning of the statute; but this question has been decided adversely to their contention in the recent case of *St. Louis, Iron Mountain & Southern Railway Company* v. *Freeman, ante* p. 218.

It is next contended by counsel for appellant that the facts as stated in other respects do not constitute an overcharge for fare. They say: "It is not contended that the ticket seller overcharged plaintiff; and the action of the auditor alone must be looked to to determine whether any was made."

The statute is directed against the railway company and its object is "to compensate the party injured for his expenses in the prosecution, and to compel the payment of such a sum by the company violating the law as will effectually stop the practice." Fetter on Carriers of Passengers, § 263; *St. Louis, I. M. & S. Ry. Co.* v. *Waldrop,* 93 Ark. 42.

The language of the statute is "shall charge, demand, take or receive from any person or persons any greater compensation," etc.; and is referable to the company itself, and not to its agents. Of course, a corporation can only act through agents; but where it is in direct and explicit terms forbidden to do a thing, the acts of all its agents, who contributed to the thing done, must be considered the acts of the corporation itself. The thing forbidden by the statute under consideration is charging or receiving fare in excess of the maximum rate provided by law. The tickets in question seem to have been of the kind, merely naming the places between which they were good for passage, and, as such, were in the nature of receipts for the passage money. I Fetter on Carriers of Passengers, § 275; Moore on Carriers, p. 806.

The undisputed evidence shows that the tickets were exchanged by mistake. The plaintiff's evidence shows that the mistake was explained to the train auditor, and that she was entitled to have the mistake corrected. When that is done, we have the case of a passenger presenting to the auditor a receipt for passage money of the amount the company was allowed by law to charge. The auditor refused it, and de-

manded and received an additional sum in excess of the amount so tendered. The ticket seller and the auditor were each entitled to receive money for passage, and their acts must be deemed to be those of a single agent; and, when so treated, it is evident that a greater fare than that allowed by law was demanded and received by the railroad company.

The disputed questions of fact were submitted to the jury under proper instructions of the court, and the judgment will be affirmed.