CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY *v.* YOUNG.

Opinion delivered March 11, 1912.

1.  CARRIER—OVERCHARGE—MISTAKE.—A carrier is not liable for the penalty provided by Kirby's Digest, section 6620, for making an overcharge for a passenger's fare which was due to an error or mistake on the part of the carrier's agent.  (Page 601.)

2.  SAME—EFFECT OF OVERCHARGE.—Where a husband applied for two tickets, for himself and his wife, and the agent wrongfully charged him a dollar too much, and there is no evidence that the agent intended to make an overcharge on both tickets, it will be inferred that the intention was to make the overcharge only on the husband's ticket. (Page 602.)

Appeal from Saline Circuit Court;  *W. H. Evans*, Judge; reversed in part.

STATEMENT BY THE COURT.

On the 11th day of November, 1910, I. H. Young applied to the ticket agent of the Chicago, Rock Island and Pacific Railway Company at its station at Little Rock, Arkansas, for two tickets to Benton, Arkansas, and tendered in payment therefor $2.50.  The agent delivered him the two tickets, and handed him back twelve cents in change.  The regular fare from Little Rock to Benton was sixty-nine cents.  When the husband returned the change to the wife, she discovered that the agent had kept more money than was necessary to buy the tickets, and called her husband's attention to that fact.

She insisted that they go back at once, and see the agent about it.  It was about time for their train to depart, and the husband insisted that they should wait until their return about seeing him.  On the next day they returned to Little Rock, and told the agent that he had made a mistake of one dollar Mr. Young presented the coupons to the agent to show that he

had bought tickets to Benton. The agent insisted that he had not made a mistake and refused to return them the dollar.

Mr. and Mrs. Young brought separate suits against the railway company to recover the penalty provided by section 6620 of Kirby's Digest for charging a greater compensation for transportation of passengers than is allowed by the terms of the act. The cases were consolidated and tried together. The facts above recited were proved by the plaintiffs.

It was conceded by the attorney for the defendant that the fare from Little Rock to Benton was sixty-nine cents, and that three cents per mile was charged unless the destination of the passenger was a competitive point.

The ticket agent of the defendant testified that he did not overcharge Mr. Young a dollar, and that if he did not return him the correct change it was through mistake. He stated that he had made a mistake, and if his attention had been called to it at the time he would have corrected it. He further stated that he did not remember Mr. Young coming back afterwards and asking for the dollar back. He repeated that if he received too much money for the tickets he did it unintentionally. On cross examination, he stated that the fare from Little Rock to Benton is sixty-nine cents, and that it was based on a rate of three cents per mile. On re-direct examination, the agent said that the Iron Mountain has the short-line mileage from Little Rock to Benton, and that, it being a competitive point, the Iron Mountain fixes the fare between the two points.

The jury returned a verdict in favor of each plaintiff for $50, and from the judgment rendered the defendant has appealed.

*Thos. S. Buzbee* and *Geo. B. Pugh*, for appellant.

1. Where the fare received by a railway company is in excess of the lawful rate, and such excess is taken through mere oversight or error, the company is not liable for the statutory penalty. 58 Ark. 490.

2. Where a railway company publishes a rate or regularly charges a rate less than that permitted by the statute, it will not become liable for the penalty prescribed by that statute if in some particular instance it charges a rate higher than the

published rate, provided such higher rate is not in excess of the rate allowed by the statute.    Kirby's Digest, § 6620.

3.    In any event there was in this case but one transaction. There could have been but one overcharge, and only one recovery for penalty can properly stand.

*Manning & Emerson* and *I. S. Humbert,* for appellees.

1.    The court properly instructed the jury on the theory of honest mistake or oversight, and on that point the verdict of the jury is conclusive that the overcharge was intentional. Besides, the agent's intent will be presumed.    93 Ark. 42-44 58 Ark. 490.

2.    Notwithstanding appellee's, I. H. Young's, testimony as to the distance was improperly excluded, there was sufficient proof of the distance, and that the amount charged was excessive from other testimony.

3.    Appellant is liable for the penalty in each case.    95 Ark. 218;  *Id.* 281, 284.

HART, J.    If the taking of the dollar in excess of the correct fare was a mere error or mistake on the part of the agent, the defendant was not liable for a penalty.    *Railway Company* v. *Clark,* 58 Ark. 490;  *St. Louis, I. M. & S. Ry. Co.* v. *Waldrop,* 93 Ark. 42.

Under proper instructions, the court submitted to the jury the question of whether in making the change the agent made an honest mistake without the intention of taking an amount greater than was allowed by the statute, and the verdict of the jury is conclusive on appeal.

It is next contended by counsel for defendant that the statute upon which this suit is based permits the railway company to charge three cents per mile, and that there is no testimony tending to show that it charged a greater rate than that.    They insist that, while the agent testified on cross examination that the fare as published was sixty-nine cents, and was based on a rate of three cents per mile, his testimony on this point was explained on re-examination by his statement that the fare was so fixed to meet the competition of the Iron Mountain Railroad. which had a shorter line from Little Rock to Benton;  but we think his testimony on re-examination was rather contradictory than explanatory of his testimony on cross examination, and

the verdict of the jury shows that it believed the testimony given by him on cross examination on this point, and did not believe that given by him on re-examination.

Finally. it is claimed by counsel for defendant that in any event there was but one transaction, and that there can not be more than one overcharge nor more than one penalty. On the other hand, it is insisted by counsel for the plaintiffs that the judgments in both cases should be affirmed under the authority of *St. Louis, I. M. & S. Ry. Co.* v. *Freeman,* 95 Ark. 218, and *St. Louis, I. M. & S. Ry. Co.* v. *Frisby,* 95 Ark. 281. In those cases we held that the party aggrieved who may recover the penalty against a railroad company for charging excessive fare as provided by section 6620, Kirby's Digest, is the person intending to become a passenger. But we do not regard the construction placed upon the act in those cases as controlling the present appeal under the facts disclosed by the record. If the facts in the record showed that the agent had intended to charge seventy cents or any greater amount than sixty-nine cents for each ticket, then, under the authority of the Freeman and Frisby cases, both I. H. Young and his wife, N. A. Young, would be entitled to recover.

But the testimony, as it appears from the record, shows that the real substance of the transaction was that I. H. Young purchased two tickets for Benton; that the agent knew that the fare was sixty-nine cents, and either intentionally or by mistake kept one dollar of the amount tendered in payment of the tickets. The jury by its verdict found that the dollar was intentionally kept by the agent, but there is nothing in the record from which it can reasonably be inferred that he intended to apportion his wrongful act between the two tickets. He knew the fare was only sixty-nine cents, and says that he only intended to charge that amount for a ticket. His act in keeping the dollar then is referable only to his transaction with I. H. Young, and can not be extended to the purchase of the ticket for Mrs. Young without some testimony tending to show that he intended to make an excessive charge for her ticket. Counsel for plaintiff urge that, in as much as both tickets were purchased at the same time, and as there is nothing to show whether he intended to make an overcharge on one or both of the tickets, the presumption is that he intended to charge an

excessive rate on both tickets. On the other hand, we think that, in the absence of any proof upon which it could be reasonably inferred that the agent intended to make an overcharge on both tickets, the inference is that he intended the overcharge for the ticket of the person with whom the transaction was conducted. This is so because the party suing for the penalty under the statute must by proof bring himself within the terms of the statute before he can be allowed to recover the penalty.

It follows that the judgment in favor of I. H. Young will be affirmed; and the judgment in favor of N. A. Young will be reversed, and her cause of action dismissed.