CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY *v.* McDERMOTT.

Opinion delivered January 13, 1913.

1. CARRIERS—PENALTY FOR OVERCHARGE OF FARE.—When plaintiff asked for a round-trip ticket from Little Rock to Hot Springs, and paid the proper amount for the same, but by an honest and unintentional mistake the railway company's agent gave him a round-trip ticket to Benton, with no intention to charge or receive more than the legal rate, the statute exacting a penalty for overcharging does not apply, and the railway company is not liable for any penalty thereunder. (Page 173.)

2. CARRIERS—DAMAGES FOR SELLING INCORRECT TICKET.—A carrier, whose agent delivers an incorrect ticket to a passenger applying for same, is liable for damages resulting to the passenger because of its mistake and failure to furnish the correct ticket. (Page 174.)

Appeal from Pulaski Circuit Court, Second Division; *F. Guy Fulk,* Judge; reversed.

STATEMENT BY THE COURT.

Appellee brought suit against appellant to recover the penalty denounced by law for charging him, as a passenger on its train between Little Rock and Hot Springs more than three cents per mile.

He went to appellant's ticket agent, at Little Rock, inquired the price of a round-trip ticket from Little Rock to Hot Springs, told the agent he desired such ticket and paid the amount of fare demanded therefor. The agent, thereupon, by mistake, handed him a ticket, which it was discovered after appellee boarded the train was a round-

trip ticket from Little Rock to Benton.  Upon its presentation to the auditor he called appellee's attention to the fact that the ticket was only to Benton and informed him that he could not accept it for appellee's transportation further than that point.  Appellee then demanded the return of the ticket, paid his fare to Hot Springs at the regular rate, and, returning from Hot Springs, paid the regular fare without again offering the ticket.

The ticket agent testified that he demanded only the usual fare when appellee applied for a round-trip ticket to Hot Springs and upon payment therefor reached back into the case to get such ticket.  That the tickets in the case were next to each other, being only about half an inch apart, and that he got this ticket by mistake, if he did give him a round-trip ticket to Benton instead of to Hot Springs.  That he had no recollection of the particular transaction, but that the cash was over that night, and the money for the ticket would have been refunded if appellee had called and explained the mistake.

Appellee did not look at his ticket when he purchased it, but hurried to the train, which he understood was about to leave.  Upon his return, he took the ticket to the uptown office and explained the circumstances to them and was told to come back in an hour, as they would have to see some others about it.  He returned and they told him to come back next morning.  Upon his return the next morning he was sent to the Rock Island depot, where he was again required to explain it.  They did not settle with him there, but sent him to another office where, after some delay, they offered him the money he had paid out on the ticket which he refused to take.  They did not actually tender him the money.

He said the auditor told him he could not ride to Hot Springs on the ticket without paying fare from Benton.  That he declined to accept $3.05 in settlement.  The distance between Little Rock and Hot Springs is sixty-one miles.

The court, over appellant's objection, instructed the jury to find for the plaintiff any sum not less than $50 nor more than $300, and that if the appellant's station

agent unintentionally made a mistake when he gave the appellee a round-trip ticket from Little Rock to Benton instead of to Hot Springs that such mistake could only go in mitigation of the penalty sued for and would not excuse the railroad company from liability under the statute, and refused to give appellant's instruction No. 2, as follows:

"The jury are instructed that if you find from the testimony that the error of the agent of the defendant in handing the plaintiff the wrong ticket, namely, a round-trip ticket to Benton in lieu of a round-trip ticket to Hot Springs, as requested by the plaintiff, was an inadvertence and not intentional, the plaintiff would not be entitled to recover a penalty in this case and your verdict will be for the defendant."

The jury returned a verdict in favor of appellee and from the judgment the railroad company appealed.

*Thos. S. Buzbee, John T. Hicks* and *L. P. Biggs,* for appellant.

1.  The evidence does not show that appellant ever, in point of fact, charged appellee for his transportation from Little Rock to Hot Springs or from Hot Springs to Little Rock, any amount in excess of the amount allowed by law.

2.  But if it be held that appellee made out such a case as would justify a recovery under the statute, then the second instruction requested by appellant should have been given.   60 Ark. 221; 93 Ark. 42; 58 Ark. 490.

*E. L. Carter,* for appellee.

1.  Facts in evidence show conclusively that appellant did charge an excessive amount.

2.  The second instruction requested by appellant did not state the law applicable to the facts of this case, because in this case the agent and the train auditor both knew the amounts they were receiving.

KIRBY, J., (after stating the facts).   It is undisputed that the station agent of the defendant did not demand nor receive more for the round-trip ticket from Little Rock to Hot Springs than the law allows to be collected

for such distance and also that inadvertently and by mistake the station agent gave appellee only a round-trip ticket to Benton, a much shorter distance, instead of to Hot Springs, and charged the regular fare to the latter station. Neither is there any dispute that said company refused to take said ticket for appellee's passage from Little Rock to Hot Springs and notified him upon its presentation that it would only be good to Benton and that he would have to pay the regular fare from there on. Nor that appellee then took his ticket back and paid the regular fare to Hot Springs and thereafter purchased a return ticket at the usual rate.

This court has already decided that an honest mistake as to the distance between its stations will not excuse the railroad company for a charge of more than the statutory amount for the actual distance, correctly holding that the company is bound to know the distance between its stations. *Railway Company* v. *Smith*, 60 Ark. 221.

In *Railway Company* v. *Clark*, 58 Ark. 490, a penalty suit, the court said: "The corporation, of course, must be held to know the distances over its line between different points; and whenever an excessive amount is received it is *prima facie* liable. The presumption of intention which follows the mere act of taking or receiving may be overcome by proof to the contrary."

It then suggested a reformation of the instruction refused, which it held should have been given, saying:

"It would have been in better form to make the latter clause read. 'An honest mistake by a conductor in making change without the intention of taking an amount greater than was lawful, will not make the defendant liable,' if the conductor intends to receive the excess the company is liable whether the passenger calls his attention to it or not."

In *St. Louis, I. M. & S. Ry. Co.* v. *Waldrop*, 93 Ark. 42, the court said: "If the company or its agent demands and receives for the fare 'an amount that is in excess of what is lawful,' knowing that it is receiving that amount, then the company is liable."

In this case, the station agent intended to and actually did receive no more than the amount of the legal fare for the ticket that was demanded and the auditor, upon presentation of the ticket for passage to Hot Springs, reading only to Benton, declined to receive same for more than passage to Benton, the station designated in the ticket, and demanded no more fare for the trip to Hot Springs than the law allowed, after appellee asked that his ticket be returned to him and refused to permit it to be taken up for passage to Benton.

In neither case was more money received by the railroad company's agents than the fare allowed by law to be collected and it is undisputed that there was no intention to charge, demand or receive more than said legal rate.

An unintentional mistake was made by the railroad company's agent in handing the appellee a round-trip ticket to Benton instead of to Hot Springs, for which he paid. The case falls within the doctrine of the Clark case, *supra,* and the mistake being honest and without any intention to charge more than the legal rate the statute does not apply and the appellant is not liable for a penalty thereunder, according to the facts in the case. It is liable, of course, for the damage resulting to appellee for its mistake and failure to furnish him the right ticket, which would include the amount paid out on account thereof.

The judgment is reversed and the cause dismissed.