ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

*v.* BAKER.

Opinion delivered April 5, 1915.

RAILROADS—OVERCHARGE OF FARE—INTENTION.—Under § 6620, of Kirby's Digest, imposing a penalty upon railroads for charging a passenger a greater compensation than is allowed by law, a railway company is subject to a penalty only when its agent intentionally charges a passenger an excessive fare.

Appeal from Hot Spring Circuit Court; *W. H. Evans*, Judge; reversed.

*E. B. Kinsworthy, W. R. Donham* and *T. D. Craw-ford,* for appellant.

A carrier is not liable for the statutory penalty for making an overcharge for a passenger's fare which was due to an error or mistake on the part of the carrier's agent. 58 Ark. 490; 106 Ark. 599; *Id.* 170; 54 Misc. (N. Y.) 163; 155 App. Div. 798.

*J. C. Ross,* for appellee.

The question whether the auditor intentionally made the overcharge was submitted to the jury in all the court's instructions. That the overcharge was intentional was made a condition to recovery by the instructions. There was sufficient evidence to put the case to the jury, and their verdict should be final. This court has frequently held that carriers of passengers are liable for over-charges. 60 Ark. 221; 93 Ark. 42.

HART, J. The plaintiff, J. C. Baker, sued the St. Louis, Iron Mountain & Southern Railway Company to recover the statutory penalty under section 6620 of Kirby's Digest, for charging and collecting a greater rate for transportation than that provided by statute. He recovered judgment, and the railroad company has appealed.

On April 4, 1914, the plaintiff got on one of defendant's passenger trains at Perla. The train auditor came around to collect tickets, and the plaintiff told him that he wished to go to Traskwood. The auditor collected 28 cents for his fare, and gave him a receipt therefor. This was more than he was by the statute allowed to collect.

On the part of the railroad company it was shown that the auditor turned in the stub from which he had torn the receipt to the railroad company; that twenty-eight cents was a greater rate than he was allowed to charge from Perla to Traskwood, but that it was the amount to be charged from Perla to Haskell, a station a few miles beyond Traskwood. The auditor stated that he thought the plaintiff asked to pay his fare from Perla to Haskell, and for that reason charged him twenty-eight cents. He said that if he had understood that the plaintiff

only wanted to go to Traskwood, that he would only have collected the amount provided by law for passage to that station.

Under section 6620 of Kirby's Digest, imposing a penalty upon railroads for charging a passenger a greater compensation than is allowed by law, a railroad company is subject to a penalty only where its agents intentionally charges a passenger an excessive fare. *Railway Co.* v. *Clark,* 58 Ark. 491; *St. Louis, I. M. & S. Ry. Co.* v. *Waldrop,* 93 Ark. 42.

Therefore, we think, under the undisputed evidence, the court should have directed a verdict in favor of the railroad company. The auditor testified that he understood that the plaintiff wanted to go to Haskell, and that he charged him the fare to that station, and that he would not have charged him twenty-eight cents if he had understood that the plaintiff was only going to Traskwood. He said that he did not see the plaintiff again after he collected his fare, and the plaintiff admitted that the auditor did not see him again, and did not see him get off the train at Traskwood.

The auditor issued the plaintiff a receipt for cash fare and turned in the stub from which the receipt was torn to the company. This shows that he accounted for the fare taken. His own testimony that he did not intentionally make an overcharge is reasonable and consistent and is corroborated by the fact that he charged the plaintiff the exact amount of the fare from Perla to Haskell, the station to which the auditor understood the plaintiff wished to go. There is no fact or circumstance in the case tending to show that the auditor intentionally made an overcharge.

It follows that the court should have directed a verdict for the defendant, and for the error in not doing so, the judgment will be reversed, and, inasmuch as the case has been fully developed, the plaintiff's cause of action will be dismissed.

It is so ordered.