SMITH *v.* ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY.

Opinion delivered May 3, 1915.

CARRIERS—CHARGING EXCESSIVE FARE.—A carrier will not be liable for the statutory penalty for charging an excessive fare, when it does not appear that the carrier's agents intentionally made such a charge.

Appeal from Nevada Circuit Court; *G. R. Haynie,* Judge; affirmed.

This is an action for statutory penalty under section 6620 of Kirby's Digest, which makes any corporation operating a railroad in this State liable to a penalty for taking or receiving any "greater compensation for the transportation of passengers than is allowed by law." The plaintiff alleged that he was a passenger on defendant's train from Prescott to Boughton; that he applied for a ticket to Boughton, for which the agent charged him ten cents, but when he produced the ticket on the train it was discovered that the ticket agent had, by mistake or otherwise, given him a ticket to Emmet, the first station south of Prescott, instead of to Boughton, the first station north; that defendant's conductor refused to accept the ticket to Emmet in payment of plaintiff's fare to Boughton and demanded ten cents for his fare. The court sustained a demurrer to the complaint and the appellant, resting on the sufficiency of his complaint, judgment was rendered in favor of the appellee dismissing the complaint and this appeal has been duly prosecuted.

*J. O. A. Bush,* for appellant.

The question presented is not, "Did the ticket agent make a mistake in selling the ticket and receiving the fare," but did the conductor on the train, having knowledge of the facts, have the right to receive the additional fare he required appellant to pay. His act was a clear overcharge within the meaning of the statute, and the complaint was and is sufficient. 65 Ark. 177; 88 Ark. 282; 93 Ark. 42.

*E. B. Kinsworthy, R. E. Wiley* and *T. D. Crawford,* for appellee.

The complaint states no cause of action within the statute. As between a conductor on a train and a passenger, a ticket is conclusive evidence as to the latter's right to transportation, and if by its terms the ticket does not entitle the passenger to transportation, although the fault may be that of the railway company, it is his duty

to pay the fare demanded and seek his remedy for breach of the contract.    23 Fed. 326; 50 Fed. 496; 52 Fed. 197; 37 Mich. 342; 97 Mich. 439, 37 Am. St. 354; 48 Mo. App. 125; 83 Md. 245.

WOOD, J., (after stating the facts).    The complaint did not state facts sufficient to warrant a recovery of the statutory penalty and the court did not err in sustaining the demurrer.    The case is ruled by the recent decision of this court in *Chicago, R. I. & P. Ry. Co.* v. *McDermott,* 106 Ark. 170.    In that case we held that where a passenger asked for a round trip ticket from Little Rock to Hot Springs and paid the proper amount for the same, but by an unintentional mistake the railway company's agent gave him a round trip ticket to Benton, there being no intention to charge or receive more than the legal rate, the statutory penalty could not be recovered.

The complaint sets forth that the appellee's agent had by mistake given him a ticket "from Prescott to Emmet instead of from Prescott to Boughton," but it does not allege that the conductor intentionally demanded and received from the appellant more than the legal rate from Prescott to Boughton.    There is nothing in the complaint to show that the carrier issued the ticket with an intention of charging an amount in excess of the legal rate.    This was necessary in an action for the statutory penalty.    In a suit for damages for a violation of the contract of carriage, the carrier under such circumstances would be liable, but not for the penalty prescribed by the above mentioned statute.    See *Chicago, R. I. & P. Ry. Co.* v. *McDermott, supra,* and cases there cited.    See also *St. Louis, I. M. & S. Ry. Co.* v. *Baker,* 118 Ark. 69.

The judgment is affirmed.