GREER v. DAVIS.

Opinion delivered April 30, 1928.

W. E. Beloate, for appellant.

Smith & Blackford, for appellee.

MEHAFFY, J. The appellees borrowed $1,000 from the appellant on September 15, 1926, and executed four promissory notes in the sum of $250 each, due and payable one every three months, beginning December 15, 1926, with interest at 10 per cent. per annum from date until paid. To secure the payment of said indebtedness, appellees executed to the appellant a mortgage conveying lot 6, in block 8, in the original town of Hoxie, Arkansas, and also stock of dry goods and groceries located on lot 2, in block 19, in the original town of Hoxie, Arkansas. The plaintiffs also had fire insurance on their house, with a mortgage clause in favor of appellant as

his interest might appear, the insurance policy being for $2,000.

When appellees signed the note and mortgage for $1,000, appellant gave them a check for $950, retaining $50, but charging 10 per cent. on the $1,000. The evidence on the part of the appellees showed that the $50 was given as a bonus in addition to the 10 per cent. interest on the $1,000, and that when the property of appellees was destroyed by fire and the insurance collected, appellant insisted on the payment of the $1,000 and interest.

The testimony on the part of the appellant is to the effect that he agreed to lend $1,000, and that when he went to make out the check appellee said $950 was all he needed at that time, and appellant thereupon told him he would give him a check for $950 and retain $50, as appellee did not need it at that time, and appellant told him that, if agreeable, appellant would defer the payment of it until he could make some collections. That he himself could use the $50 to good advantage, but that when the appellee wanted it he could have it.

It would serve no purpose to set out the testimony in full, the appellees' testimony tending to show that the $50 was a bonus and the appellant's testimony tending to show that he did not intend to charge him more than 10 per cent. interest.

The chancellor found the contract to be usurious, and entered a decree in favor of the appellees, and appellant prosecutes this appeal.

The Constitution provides: ''All contracts for a greater rate of interest than 10 per cent. per annum shall be void as to principal and interest. And the General Assembly shall prohibit the same by law; when no rate of interest is agreed upon, the rate shall be 6 per cent. per annum.'' Art. 19, § 13, Constitution of the State of Arkansas.

Section 7362 of Crawford & Moses' Digest is a copy of the article of the Constitution above set out. Section 7363 provides:

"All bonds, bills, notes, assurances, conveyances, and all other contracts or securities whatever, whereupon or whereby there shall be reserved, taken or secured, or agreed to be taken or reserved, any greater sum or greater value for the loan or forbearance of any money, goods, things in action, or any other valuable thing, than is prescribed in this act, shall be void."

And § 7364 provides, among other things, that liens created or arising out of a deed of trust to secure the payment of a usurious contract shall be void.

Appellant's first contention is that the chancellor erred in overruling the demurrer to the complaint. The complaint alleges, among other things, that, at the time of the execution of the notes and mortgage, the appellant, Greer, executed four notes for $250 each, and that the appellee loaned plaintiffs only $950, retaining $50 as additional interest to the said ten per cent. per annum provided in said notes and mortgage, whereby the said notes, mortgage and the interest of the said Greer in the same and the said check and voucher were void because of the usurious interest charged for the loan of said money.

We think the complaint sufficiently alleged that this was a contract whereby Greer reserved, took or secured a greater sum or greater value for the loan or forbearance of money than is prescribed by law. And it sufficiently stated a cause of action charging usury.

It is next contended by appellant that the chancellor erred in permitting in evidence the testimony of Silphey Davis, the wife of D. E. Davis. She was one of the makers of the note and of the mortgage, and of course had a right to testify in her own behalf. Some of the testimony of Mrs. Davis was incompetent, but the presumption is that the chancellor considered only the competent testimony.

"But chancery cases are tried upon appeal de novo. It is presumed that the chancellor heard the case only upon evidence that was competent and relevant to the issues made. Upon appeal in chancery cases, errors

58

which relate to rulings upon the introduction of evidence will not be passed upon; but, in the trial of such chancery cases upon appeal, any evidence that was improperly excluded below will be considered, and evidence that was improperly received will be disregarded, and the case will be decided here solely upon competent evidence." *Cox* v. *Smith*, 99 Ark. 218, 138 S. W. 978; *Niagara Fire Ins. Co.* v. *Boon*, 76 Ark. 153, 88 S. W. 915; *Latham* v. *First National Bank of Fort Smith*, 92 Ark. 315, 122 S. W. 992.

Appellant's next contention is that the chancellor erred in permitting the introduction in evidence of the answer of appellant *per se*. We do not agree with the contention of the appellant. The answer was properly admitted in evidence.

"It is not necessary to the competency of the answer as against the party pleading it that it be sworn to by him. It is a declaration, and competent as an admission, whether verified or not. * * * The competency of an answer as evidence does not depend upon its being a valid and subsisting pleading. It is competent as a declaration of the party against interest, although it has never been filed, or where it has been withdrawn or superseded by an amended answer." Encyclopedia of Evidence, vol. 1, 449.

Pleadings in a cause sworn to are not only competent in evidence but are said to be judicial admissions and a waiver of proof on all matters outside these lines of dispute.

"Such intrinsic pleadings, being upon their face direct and plain assertions made for a serious purpose, would naturally be supposed to be available as admissions; and the inquiry plausibly arises, why should they not be? Viewed in the light of the principles of the present subject, there can be but two conceivable objections; one is the objection that they were not made by the party himself, nor by any one authorized to speak for him; the other is that they are conventional or hypothetical only, and not intended to be taken as sincere or

absolute assertions.'' Wigmore on Evidence, vol. 2, 539.

This same author says, on page 548 of the same volume:

''When a pleading is amended or withdrawn, the superseded portion disappears from the record as a judicial admission limiting the issues and putting certain facts beyond dispute. Nevertheless, it exists as an utterance once seriously made by the party.''

''But it does appear in the petition of Mrs. Walton to the Jefferson Probate Court for dower in the estate of Solomon Walton, deceased, that she (Mrs. Whitley) was dead when it was filed, and it was filed before the land belonging to Walton's estate was sold by his administratrix. The petition was verified by Mrs. Walton, and was admissible as evidence in this action in the nature of an admission that Mrs. Whitley was dead at the time it was filed in court, subject to rebuttal and explanation.'' *Gibson* v. *Herriott,* 55 Ark. 85, 17 S. W. 589, 29 Am. St. Rep. 17.

''It is insisted that appellee is bound by his statement contained in an answer filed by him in another action between the same parties, to the effect that appellant agreed to furnish him a house to live in for 'twelve months from and after January 1, 1908.' Appellee's answer in that case was competent evidence in this case as an admission, but it is not conclusive, and is subject to explanation. It was considered by the jury along with the other testimony in determining the terms of the contract.'' *Valley Planting Co.* v. *Wise,* 99 Ark. 1, 123 S. W. 768, 26 L. R. A. (N. S.) 403.

Declarations of parties to suits, whether written or oral, whether made in court or out of court, may be introduced as declarations or admissions against interest.

It is next contended that the evidence is insufficient to support the finding of usury. We think that the evidence sustaining the chancellor's finding is clear and convincing, and the decree is therefore affirmed.