TRI-STATE TRANSIT COMPANY OF LOUISIANA, INC. *v.*
MILLER.

4-3194

Opinion delivered November 13, 1933.

*E. W. Moorhead,* for appellant.

*Robert C. Knox, L. B. Smead* and *C. E. Wright,* for appellee.

McHANEY, J. Appellee brought this action against appellant and others to recover damages for an injury to his right hand, in which the little finger was crushed and severely injured when it was caught between the door and the long rod which controls the opening of the door on a passenger bus owned and operated by appellant, while a passenger on said bus traveling from Shreveport, Louisiana, to El Dorado, Arkansas. The accident occurred in Union Parish, Louisiana, just before the bus reached Junction City, Arkansas. It happened in the following manner, according to the testimony of appellee and his witnesses: While passing over a section of highway under construction, the connection between the foot

accelerator of the bus and the carburetor was broken, or became disconnected, so that the driver could not feed the car sufficient gas to pull through the newly constructed highway, and it became stalled. Appellee was sitting in the front seat, on the right-hand side. The driver got out of the bus, raised the hood and attempted to adjust the connection. He asked appellee to press down upon the foot accelerator for some purpose, with which request appellee attempted to comply and unconsciously caught hold of the rod above-mentioned, and, while attempting to assist the driver in the manner stated, a team of mules owned by the other defendants to the action, Wilson and McKenzie, were being driven by the bus for the purpose of hitching on to it and pulling it out at the request of the driver of the bus, when a single-tree, to which one of the mules was hitched, caught in the door through which the driver had left the car and which had been carelessly left open by him, pulled it forward and caught appellee's hand between the rod and door, severely injuring it as aforesaid. To a complaint alleging the facts as above stated, appellant, on January 9, 1933, filed a pleading which it denominated "substituted separate answer of the Tri-State Transit Company of Louisiana, Inc." This answer recited that "for the purpose of this answer this defendant admits the allegations of the plaintiff's complaint as to how said plaintiff was injured," but denied that it was negligent or that he suffered permanent injuries to his damage in the sum claimed. It then made specific admissions as to the manner of appellee's injuries as alleged in his complaint, predicating same on the statement that they were made "for the purpose of this answer." It then alleged that the injury occurred in the State of Louisiana and was governed by the laws of that State; that appellee, at the time of his injury, was assisting the driver of the bus, was an emergency employee himself, and was a fellow-servant of the driver, and that, by reason thereof, the extent of appellant's liability is controlled and governed by the Workmen's Compensation Law of that State, pertinent parts of which are pleaded; that appellee, being an emergency employee, brought himself under the pro-

visions of said law; and that the full extent of its liability for the injury complained under said law is the sum of $3 per week for 150 weeks, or a total of $450, together with the sum of $250 allowed by said law for medical expenses, or a total of $700, for which amount it offered to confess judgment together with interest and cost in full satisfaction of appellee's claim. This answer was superseded and withdrawn by its "second substituted answer," which denied in detail the material allegations of appellee's complaint, pleaded contributory negligence and the fellow-servant rule in force in the State of Louisiana, contending again that appellee was an emergency employee and was a fellow-servant with the driver of the bus. Other pleas were made in this answer which we do not deem necessary to set out.

A trial of the case resulted in a verdict and judgment in appellee's favor for $2,300. For a reversal of the judgment against it, many assignments of error are argued, but we do not deem it necessary or proper to discuss all of them. Inasmuch as the case must be reversed on one ground, many of the errors complained of may not occur on a subsequent trial.

One of the assignments of error urged is the insufficiency of the evidence to support the verdict. We have carefully examined the evidence and find it sufficient to take the case to the jury, considering it in the light most favorable to appellee, as we are required to do under the settled rule of this court. Nor can we agree with appellant that appellee was guilty of contributory negligence as a matter of law, under the facts in this case, nor that he lost his status as a passenger and became an emergency employee of appellant or a fellow-servant of the driver of the bus. There is no dispute of the fact that appellee was a passenger on said bus, and that appellant is a common carrier of passengers for hire. Appellee was in no sense, according to his evidence, engaged in assisting the driver in making repairs. He was merely asked to press down upon the accelerator so that the driver could make the repairs, a matter wholly incidental to his status as a passenger.

The only assignment of error which we deem to be well taken is the introduction in evidence, over appellant's objections, of its substituted answer hereinabove set out and which was withdrawn and replaced by the "second substituted answer," on which the case went to trial. Said answer was filed for a particular purpose, was in the nature of a demurrer and an offer of compromise. It admitted the allegations of the complaint for the purpose of contending that appellee was an employee and was subject to the Louisiana Workmen's Compensation Act. It offered to confess judgment for the maximum amount allowed under said act if he were an employee. Its introduction in evidence was manifestly prejudicial, if erroneously done, for the reason that it admitted to be true, "for the purpose of this answer," all the allegations of the complaint as to how the injury occurred. Said answer was not verified, but was signed only by appellant's attorney. In the "second substituted answer," the previous answer was specifically withdrawn. Under such circumstances it was erroneous and prejudicial to admit in evidence the withdrawn answer. In *Railway Co.* v. *Clark,* 58 Ark. 490, 25 S. W. 504, this court held that it was error to permit the appellee to read the original answer of appellant as an admission after same had been withdrawn, and *Holland* v. *Rogers,* 33 Ark. 251, and other authorities were cited in support of the holding. This case was cited with approval in *Murphy* v. *St. L., I. M. & S. R. Co.,* 92 Ark. 159, 122 S. W. 636, where it was held, to quote a headnote, that: "Interrogatories prepared by plaintiff's counsel and submitted to defendant's counsel, but subsequently abandoned by plaintiff without being propounded to the intended witness, are not admissible, either as testimony or as admissions of plaintiff's counsel." The rule announced in *Railway Co.* v. *Clark* appears to be against the great weight of authority, for in 14 A. L. R. 65 it is stated: "With but few exceptions pleadings are admitted, other conditions being proper, against the pleader in the proceeding in which filed, * * * as evidence of admissions against interest therein contained." The exceptions there noted are California, Arkansas, Mississippi, Missouri, Washington

and Nebraska. Our own case of *Holland* v. *Rogers* and *Railway Co.* v. *Clark, supra,* are cited in support of the minority rule. In *Valley Planting Co.* v. *Wise,* 93 Ark. 1, 123 S. W. 768, 26 L. R. A. (N. S.) 403, it is held that "a statement contained in a pleading filed by a party in another action between the same parties may be proved against him, but such admission is not conclusive and is subject to explanation." That referred to a pleading on which the case went to trial between the same parties in the other action. In *Taylor* v. *Evans,* 102 Ark. 640, 145 S. W. 564, where error was assigned for the refusal of the trial court to permit defendant to read in evidence the original complaint, and where plaintiff had testified that he did not know what allegations were made in the complaint, this court said: "The evidence being competent only for the purpose of showing an admission, or as establishing a contradictory statement of the plaintiff, it is not admissible, where it does not appear that the plaintiff knew of the allegations of the original complaint, or at least where it affirmatively appears that he was not aware of the contents of the complaint. It would be without probative force, either as an admission or as a contradictory statement, unless it was shown that plaintiff was aware of the contents of the paper." In the recent case of *Greer* v. *Davis,* 177 Ark. 55, 5 S. W. (2d) 742, it was held that defendant's answer is competent as an admission, whether verified or not. But this was an answer on which the case went to trial and was an answer filed by appellant *pro se.* It was his own pleading upon which the case went to trial, signed by himself, and certainly was competent in the trial of that case. Here, however, as was the case in *Railway Co.* v. *Clark,* the pleading was withdrawn and a second substituted answer filed. It no longer remained a part of the record in the case, and was incompetent as evidence thereafter. The holding in *Railway Co.* v. *Clark,* may be a little too broad, for the authorities generally appear to hold that if a pleading is verified by the party in whose interest it is filed, it becomes a judicial admission and remains competent evidence where superseded by a substituted pleading.

The admission of this withdrawn answer in evidence, being erroneous and prejudicial, constitutes reversible error. The judgment will therefore be reversed, and the cause remanded for a new trial.