[No. 34670. Department Two. February 5, 1959.]

GEORGE LOZAN, *Respondent*, v. FRATERNAL ORDER OF EAGLES, AERIE No. 3, *Appellant*.[1]

548

*Lycette, Diamond & Sylvester* and *Hereford T. Fitch*, for appellant.

*Burton W. Lyon, Jr.*, for respondent.

FOSTER, J.—The appellant, Fraternal Order of Eagles, Aerie No. 3, seeks a reversal of the judgment against it in this personal injury action. Error is claimed on one instruction and on insufficiency of the evidence.

 Under such circumstances, it is familiar law that the evidence will be viewed in the aspect most favorable to the respondent, which includes all favorable inferences, and that instructions are considered as a whole and one may not be isolated.

For the purpose of raising revenue, the appellant gave a public dinner at its lodge building in Tacoma, Washington, on April 7, 1957, from which enterprise it realized a profit of six hundred dollars. Only those purchasing tickets were admitted to the premises on the occasion in question, and, in addition to the dinner, such persons were entitled to the club facilities, including the bar and the right to participate in drawings for door prizes. Lodge members were no different from the public because admission was by ticket only.

It is a fair inference from the record that a large number of persons attended. The dinner began at two p. m., and the mishap in question occurred about four p. m. Approximately a week prior to this public affair, those in charge requested one Hartman, a member of the lodge, to assist in serving the dinner. It is undisputed that he was a member of the group which did so. Early in the day he had worked in the kitchen, but at the time of the accident he was near by the respondent, and was assisting in clearing the tables and resetting them.

It is abundantly clear that the available staff was insufficient to serve all present and that an appeal was made to those present to assist, to which appeal the respondent and others yielded.

When those seated had finished their dinner, the tables were cleared and clean paper rolled upon them. For that purpose respondent was given a roll of paper and was placing it upon the tables when, almost immediately thereafter, he slipped on some greasy food that had been spilled upon the floor, from which fall he sustained the injuries of which he complains. Hartman testified that he was standing near the respondent at the time of the accident, and that he saw the greasy food on the floor in time to have warned respondent of the hazard or to have removed it, but that he did neither. The jury was entitled to find that Hartman was in charge of clearing the tables. The evidence is uncontradicted that the appellant made no arrangements for the inspection of the floor during the progress of the dinner.

The court instructed the jury with painstaking care upon the law relating to the issues. In fact, appellant assigns error to only one instruction. Because the respondent was a paying customer at the dinner, the court instructed that the appellant owed him a duty of ordinary care, which instruction is not challenged. The appellant argues that, because respondent yielded to the call for assistance by those in charge of the dinner, he lost his status as a paying customer and became a fellow servant of Hartman, and that he cannot recover because of the negligence of a fellow servant.

The court likewise instructed that the appellant owed the respondent, if he were an employee, a nondelegable duty to furnish him a safe place to work.

The court instructed with respect to the fellow-servant rule to which no exception was taken, and, of course, there is no assignment respecting it. Consequently, it becomes the law of the case. Likewise, the court instructed that, if the jury found the plaintiff was a fellow servant of Hartman's, the fellow-servant doctrine precluded the plaintiff's recovery. That, likewise, is the law of the case for the same reasons.

There was evidence from which the jury could have found that the respondent was a fellow servant of Hartman's, but that evidence was denied by the respondent

which made it a question of fact for the jury. The verdict is conclusive on the dispute of fact.

The one instruction assigned as error is as follows:

"You are instructed as a matter of law that facts known to an agent when acting as such are in law known to the principal. The ordinary rule is that the knowledge of a servant concerning matters the control or supervision of which has been delegated to him by the master is the knowledge of the master."

Instructions must be taken as a whole. *Barnes v. Labor Hall Ass'n*, 51 Wn. (2d) 421, 319 P. (2d) 554; *Myers v. West Coast Fast Freight*, 42 Wn. (2d) 524, 256 P. (2d) 840.

The argument against the instruction is that there was no evidence from which the jury could find that Hartman was an agent.

The evidence is undisputed that about a week prior to the dinner those in charge arranged with Hartman to assist in serving the dinner. It is undisputed that he accepted. At most, this dispute was but a question of fact for the jury to resolve, but it cannot be said there was no evidence to support the proposition that Hartman was an agent of the appellant for the purpose of this public dinner.

In any event, the error assigned to the challenged instruction entirely overlooks instruction No. 14, which is as follows:

"You are instructed that if the witness Hartman is not an employee of the defendant, defendant is not responsible for Hartman's failure to warn plaintiff."

There was evidence from which the jury could reasonably find that Hartman was an agent and employee of the appellant.

Appellant asks us to hold as a matter of law that respondent was guilty of contributory negligence in not observing the greasy food on the floor. The court properly instructed the jury that respondent was required to exercise ordinary care for his own safety. Likewise, because respondent was a paying customer, the court instructed that appellant owed respondent the duty of ordinary care. Under such circumstances, the duty owed by appellant to

respondent is no different from that of the duty of the owner of a restaurant to its customers.

Moreover, the argument overlooks instruction No. 16 to which no exception was taken and, consequently, it is the law of the case. The instruction is as follows:

"You are instructed that in considering and determining whether or not the plaintiff was guilty of contributory negligence that it is not contributory negligence to fail to look for danger unless there is some reason to apprehend danger.

"While one must use his faculties and senses to discover and avoid danger, yet, where there is no reason to anticipate danger or a hazard, reasonable care does not require one who was working or walking in a place provided for that purpose to keep his eyes riveted to the floor immediately in front of his feet.

"So in this case, if you find from the evidence that the plaintiff did not see any substance or object or material on the floor before coming in contact with it, and if you further find from the evidence that in the exercise of reasonable care on his part under all the surrounding facts and circumstances the plaintiff would not have discovered the presence of such substance, material or object before coming in contact with it, then the plaintiff would not be guilty of contributory negligence."

This conforms with our decision in *Wiard v. Market Operating Corp.*, 178 Wash. 265, 34 P. (2d) 875, in which we said:

"That the question of contributory negligence was for the jury is not seriously questioned. The grease spot was not so large as to attract the attention of appellant prior to her fall, notwithstanding she had been sitting within a few feet of it for some minutes. One cannot be charged with contributory negligence as a matter of law unless the defective condition of the floor is so obvious as to challenge attention to the danger it threatens. *Robb v. Niles-Bement-Pond Co.*, 269 Pa. 298, 112 Atl. 459; *Watson v. Zimmerman*, 175 Wash. 410, 27 P. (2d) 707."

In *Hayden v. Colville Valley Nat. Bank*, 180 Wash. 220, 39 P. (2d) 376, we reversed a judgment notwithstanding the verdict because momentary forgetfulness of a danger is not contributory negligence as a matter of law.

■ Whether respondent was contributorially negligent was, therefore, a question of fact which the court rightfully submitted to the jury under appropriate instructions which are unchallenged.

Appellant contends that respondent assumed the risk of injury from food on the floor.

■ The accident happened almost immediately after respondent began assisting in clearing the tables. The argument overlooks the fact that the respondent testified unequivocally that he did not see the food on the floor before he fell. The very essence of the doctrine of assumption of risk is that a servant not only has knowledge of danger, but also an appreciation thereof. Prosser states the applicable law in the following paragraph:

" 'Knowledge of the risk is the watchword of assumption of risk.' Ordinarily the plaintiff will not be taken to assume any risk of conditions or activities of which he is ignorant. Furthermore, he must not only know of the facts which create the danger, but he must comprehend and appreciate the danger itself. 'A defect and the danger arising from it are not necessarily to be identified, and a person may know of one without appreciating the other.' If because of age, or lack of information or experience, he does not comprehend the risk involved in a known situation, he will not be taken to consent to assume it. His failure to exercise ordinary care to discover the danger is not properly a matter of assumption of risk, but of the defense of contributory negligence." Prosser on Torts (2d ed.) 303, 309, chapter 10, § 55.

Our own cases are in accord. *Emerick v. Mayr*, 39 Wn. (2d) 23, 234 P. (2d) 1079.

■ The question of respondent's assumption of the risk was a question of fact which the trial court properly submitted to the jury upon appropriate instructions to which no error is assigned.

Appellant does not complain of the court's failure to give any requested instruction respecting the assumption of risk of negligence by a fellow servant, but urges that we decide as a matter of law that respondent did assume that risk.

Appellant's argument entirely overlooks the following

instruction to which no exception was taken, and which, necessarily, is now the law of the case:

"If you find it to be a fact from the evidence that the defendant or one of its agents, officers or employees, acting within the scope of his authority, had actual knowledge of the existence of some substance and/or object upon the floor of the defendant's premises, and if you further find it to be a fact from the evidence that the presence of such substance and/or object created a dangerous condition, then you are instructed that under such circumstances and findings the defendant has the burden of proof that despite such knowledge the defendant did not have sufficient time by the exercise of reasonable care to correct the defective condition or to warn the plaintiff of the existence of such dangerous condition. If the defendant fails to meet such burden of proof by a preponderance of the evidence, then under such findings and circumstances, if you find them to be true, you would have to find the defendant negligent as a matter of law."

To begin with, the doctrine of fellow servant is of restricted application. We said in *Frengen v. Stone & Webster Engineering Corp.*, 66 Wash. 204, 210, 119 Pac. 193:

"The fellow servant rule is not a popular one with this court, and we have heretofore refused to make it the basis for defeating recovery for an injured workman except in those cases where it was so plainly applicable that, to the majority of the court, there seemed no escape unless the doctrine was to be entirely abrogated and written out of the law of this state. . . ."

The appellant's argument is that Hartman was a servant or agent of the lodge for the purpose of the dinner; that, when the respondent answered the call for assistance in serving the dinner, he lost his customer status and became a fellow servant of Hartman; and that the master is not liable for the negligence of a fellow servant, which is a risk respondent assumed. The respondent, on the other hand, urges that his interest in the success of the dinner, because he was a member of the lodge, makes the fellow-servant rule inapplicable.

The rule is stated in 56 C. J. S. 1090, 1091, § 328, as follows:

"One who, in furtherance of his own interests, assists the servants of another in the performance of their work is not a trespasser, because he is lawfully in his place; he is not a fellow servant with the other servants, because he is not directly or indirectly retained or employed by the master of such servants; he is not a mere volunteer, because he does the work to further his own interests or those of his master. Therefore the master of such other servants is liable to him for injuries received as a result of their neglect or misconduct, and the fellow-servant rule is not applicable. This is true, even though the service is not wholly voluntary, but is induced by the request of a servant in the master's employ."

This is in accord with our decision in *Geer v. Sound Transfer Co.*, 88 Wash. 1, 152 Pac. 691, in which both the American and English decisions are reviewed. One of them, *Wright v. London & North Western R. Co.*, 1 (1876) Q. B. 252, is of peculiar interest. The railroad carried a heifer for the plaintiff who traveled on the same train. When the destination was reached, the owner assisted in the unloading of the heifer and, while so engaged, was injured by reason of the negligence of the railroad company's employee. The court held that he was not a volunteer and was not barred by the contributory negligence of the railroad company's crew. That case established the law in England "that one who in the pursuance of a common interest assists the servants of another with the consent of that other, express or implied, is not a *mere volunteer*."[2]

The law was summarized in 22 Halsbury's Laws of England (2d ed.), 194 § 328 (1932), as follows:

"A workman who voluntarily assists the servant of a master to whom he owes no duty becomes a fellow-workman with him, and is, whilst so engaged, subject to the doctrine of common employment, but a person who, in a transaction in which he has an interest in common with an employer, assists the workmen of such employer, with the assent, express or implied, of the employer, is not a fellow-workman. Both things must concur—the common interest,

---

[2] *Fitzgerald v. Great Northern R.*, 1947 No. Ire. L. Rep. 1, 13.

and the assent of the person who is to be held liable for the accident."[3]

Since then, the court of appeal decided *Lomas v. Jones & Son*, 2 (1943) All Eng. Rep. 548, 1944 K. B. 4. There a horse was delivered by a carrier to the owner who, without request, assisted in closing the doors of a truck. One of the doors, which had already been closed by the defendants' employee but negligently left unsecured, fell open, injuring the plaintiff. In rejecting the defense of fellow servant, the court said:

" . . . When it fell, the plaintiff was where he had a right to be. True, he was then engaged in doing something which he had not a legal right to be doing, but he was injured because he was where he was and not by reason of anything that he was doing. He was injured because a door, which ought to have been safe, fell on him, and the reason why it fell was a default of the defendants' servant in the course of his duty. If it is objected that the only reason why he was in the particular position was because he was assisting to close the door, the answer, I think, is that this was no more than a causa sine qua non. The effective cause of the accident was that the defendants' servant failed to shoot the bolt properly. Had the plaintiff been standing where he was, but merely looking on while the defendants' servant was raising the door, he would have none the less been injured. The accident happened, in my opinion, solely because the defendants' servant failed to exercise care in making the door safe, and, as there was a duty owed to the plaintiff to take care in that respect, the defendants are liable. . . ."

---

[3]"On the other hand, if the person so injured while assisting the defendant's servants is not a mere volunteer, but is engaged in forwarding some business of his own in which those servants are engaged, he is no fellow-servant of theirs, and is entitled to hold their employer responsible for their negligence towards him. Thus, in *Wright v. London and N. W. Ry.* the plaintiff assisted the defendants' servants to shunt a horsebox containing a heifer belonging to him, and while so engaged he was run over by a train, and it was held that the company was liable." Salmond on Torts (9th ed.), 106, 109, chapter 3, § 28.

" . . . But a volunteer could recover where he rendered services on a matter in which he had a common interest with the employer of the servant who did him the damage, . . ." Winfield on Tort (6th ed.), 136, 166, chapter 3, § 32.

In this instance the injury to the respondent might have occurred irrespective of respondent's activities in resetting the tables. He was where he had a right to be by virtue of the price of admission.

The American decisions abound with illustrations of instances in which the fellow-servant rule was rejected because of mutual interest, such as *Rice v. Isbell,* 272 App. Div. 405, 71 N. Y. S. (2d) 791, in which the owner of logs assisted in the unloading;. *Heckman v. Warren,* 124 Colo. 497, 238 P. (2d) 854, in which one attempted to protect himself and his property from fire from a truck which had entered his premises; and *Tri-State Transit Co. of Louisiana v. Miller,* 188 Ark. 149, 65 S. W. (2d) 9, 90 A. L. R. 1389, in which it was held that a bus passenger did not forfeit his passenger rights because he assisted the driver of the bus.

It cannot be said that respondent lost his status as a paying customer because he yielded to the appeals of those in charge of the dinner to assist in clearing the tables. The most that can be said as to whether the respondent's recovery is barred by the negligence of a fellow servant, is that such was a question of fact, and no error is assigned upon the court's failure to submit this issue to the jury under appropriate instructions.

Affirmed.

WEAVER, C. J., HILL, DONWORTH, and HUNTER, JJ., concur.