## St. Louis, Iron Mountain & Southern Railway Company

### *v.* Waldrop.

### Opinion delivered December 20, 1909.

1. Statutes—construction of penal acts.—The rule that penal statutes should be construed strictly does not require that the words of a penal statute should be so narrowed as to exclude cases which those words, in their common and ordinary acceptation, would comprehend. (Page 45.)

2. Same—construction.—Where the language of a statute is plain and not ambiguous, it needs no construction, and the court should carry into effect the object and purpose of the Legislature. (Page 45.)

3. Carriers—overcharge—mistake.—Under Kirby's Digest, § 6620, imposing a penalty upon railroads for charging, demanding, taking or receiving from any person any greater compensation for the transportation of passengers ·than is allowed by law, a railroad company is subject to the penalty whenever its agent intentionally charges a passenger an excessive fare, though the overcharge was made under a mistake as to what the lawful fare was. (Page 45.)

Appeal from Clark Circuit Court; *Jacob M. Carter,* Judge; affirmed.

*Kinsworthy & Rhoton* and *James H. Stevenson,* for appellant.

Section 6620, Kirby's Dig., does not apply where the agent of the railroad company makes an honest mistake as to the amount of fare to ·be charged a passenger. 58 Ark. 490.

*McMillan & McMillan,* for appellee.

Appellant did not plead the agent's mistake as a defense; it is therefore waived. 82 Ark. 320; 69 Ark. 256; 80 Ark. 70; 46 Ark. 132. Besides, the mistake is not a sufficient defense. 60 Ark. 227; 12 Clark & F. 248; 58 Ark. 492. The agent must know the distances over his company's lines. 36 Ark. 58; 50 Ark. 67.

Frauenthal, J. The two plaintiffs below instituted separate actions against the St. Louis, Iron Mountain & Southern Railway Company to recover penalties for demanding, taking and receiving a greater compensation for their transportation as passengers than is allowed by law. The two actions were consolidated, and the cases tried together. On December 27, 1908, the plaintiffs purchased tickets from the agent of defendant at Arkadelphia, Arkansas, and became passengers from

that point on defendant's railroad to Hot Springs, Arkansas, another station on its line. The distance between these stations is 75 miles and a fraction, and the maximum fare allowed by law for the carriage of passengers between these points is $2.27. The agent of defendant at Arkadelphia demanded of each of the plaintiffs for the fare or ticket from that station to Hot Springs the sum of $3.08, and did take and receive that sum for each ticket. At the time of purchasing the tickets the plaintiffs protested to the agent against paying that amount for the tickets, and claimed to him that it was an overcharge, and they thus disputed with the agent about the matter for some time. But the agent insisted upon their paying the said sum for the tickets, which they did. After entering the train the plaintiffs took from the conductor a receipt for their tickets, and wrote to the superintendent of the defendant about the overcharge. The superintendent replied that the matter would be taken up, and they would confer with the plaintiffs later about it, but they did not do this until after the suits were instituted and a. few days before the trial.

The agent of the defendant who sold the tickets testified that he had never sold any tickets to Hot Springs before, and that he had no rate sheet showing the exact fare to Hot Springs, direct. That the rate sheet which he had was for the round trip to that point, which was $3.08, and that in charging that amount for the tickets one way he made a mistake by being misled by this rate sheet.

The defendant requested the court to instruct the jury, in substance, that if the overcharge was made on account of the mistake of the agent as to the fare from Arkadelphia to Hot Springs, then they should find for the defendant. This the court refused to do. And thereupon the court instructed the jury to find for the plaintiff, but left the amount of the penalty to be fixed by the jury. A verdict was returned in favor of each plaintiff for the sum of $50. These actions were instituted under and by virtue of the provisions of section 6620 of Kirby's Digest, which is as follows:

"Any of the persons or corporations mentioned in sections 6612, 6613 and 6614 that shall charge, demand, take or receive from any person or persons aforesaid any greater compensation for the transportation of passengers than is in this act al-

lowed or prescribed shall forfeit and pay for every such offense any sum not less than fifty dollars nor more than three hundred dollars and costs of suit, including a reasonable attorney's fee, to be taxed by the court where the same is heard on original action, by appeal or otherwise, to be recovered in a suit at law by the party aggrieved in any court of competent jurisdiction. Any officer, agent or employee of any such person who shall knowingly and wilfully violate the provisions of this act shall be liable to the penalties prescribed in this section, to be recovered in the same manner."

It is contended by the defendant that the above statute does not subject the railroad company to a penalty in cases where the ticket agent made a mistake resulting in an overcharge of the passenger fare, and to support this contention it relies upon the case of *Railway Company* v. *Clark*, 58 Ark. 490. In that case the passenger paid his fare to the conductor on the train, and the conductor made a mistake in handing him back the change. In that case the following instruction was requested:

"The language of the statute is 'charge, demand, take or receive.' This means a reception or demanding of an amount that is in excess of what is lawful, knowing that he is receiving that amount. An honest mistake by a conductor in making change, without the knowledge or intention of taking an amount greater than he intended to charge, or than was lawful, and without his attention being called to it by the passenger, will not make the defendant liable."

This court held that the above instruction was substantially the law applicable to the facts of that case, and added: "An honest mistake by a conductor in making change, without the intention of taking an amount greater than was lawful, will not make the defendant liable. * * * If the conductor intends to receive the excess, the company is liable." The case of *Railway Company* v. *Smith*, 60 Ark. 221, involved a suit instituted under this statute for a recovery of penalty for an overcharge of a passenger's fare. In that case the defendant pleaded as one of its defenses that the overcharge was made through a mistake; that an honest mistake had been made in the computation of the number of miles between the two stations, the error in this regard being small. In that case the court said: "The fact that appellants were mistaken as to the distance for

which transportation was charged does not relieve them." And, quoting from Mr. Justice Miller in the case of *United States v. Ames,* 99 U. S. 35, 47, this court further said: "Ignorance of the facts is often a material allegation, but it is never sufficient to constitute a ground of relief, if it appears that the requisite knowledge might have been obtained by reasonable diligence." And in the same case Mr. Justice BATTLE, in holding that the railroad company was not relieved from the penalty prescribed by this statute by reason of said mistake, says: "It was their duty to the passengers traveling in their trains to ascertain the distance between the stations on their road, in order to protect them against the payment of excessive rates of fare."

This statute is a penal law, and the legal maxim is that such a law should be construed strictly. But this does not mean that the words of the statute should be so narrowed as to exclude cases which those words, in their common and ordinary acceptation, would comprehend.

The words should be allowed to have their full meaning; and effect should be given to the plain meaning of the words of the statute. Where, therefore, the language of the statute is plain and not ambiguous, it needs no construction; but it becomes the duty of the court only to carry into effect the object and purpose of the Legislature. *United States v. Wiltberger,* 5 Wheat. 76; *United States v. Hartwell,* 6 Wall. 385; 2 Lewis's Sutherland, Statutory Construction (2d Ed.), § 519. But this statute is also remedial in its nature as well as penal. It provides for the aggrieved party a remedy for the invasion of his rights; and therefore it ought not to be looked upon with disfavor. The plain object and intent of this legislative enactment is to protect the passenger against the payment of an excessive charge for his fare. And if such overcharge is demanded and received, the penalty provided by the statute will cover the expense and annoyance of seeking its recovery, and will be a punishment to cause the railroad company to refrain from making and taking such excessive charge. The over-charge may be and probably would be small in amount, and without such penalty the aggrieved passenger would not ordinarily feel warranted in seeking the recovery of the amount which had been wrongfully exacted, on account of the expense of such procedure; and if, through the negligence, but the ac-

tual intention of the railroad company, the overcharge is made, the result to the passenger would be the same. The statute was enacted for the protection of the passenger, and his protection against the mischief intended to be prevented by the statute should be promoted in its interpretation.

In the act prescribing the penalty against the railroad company the words "wilfully" or "designedly," or other words of equivalent import, are not used, and the wrong is made to consist only in the fact of charging, demanding, taking or receiving any greater compensation for the transportation of the passenger than is allowed by law. It is the duty of the railroad company to comply with the enactment and know the correct amount of such compensation. It should know the distances between its stations and the fares that are thus chargeable. It can only act through its agents, and its agents should therefore have that knowledge. If, through its wilfulness or culpable negligence, it charges and receives a greater amount than the law allows for such fare, it is liable under the statute. If the company or its agent demands and receives for the fare "an amount that is in excess of what is lawful, knowing that he is receiving that amount," then the company is liable for the penalty under this statute. The circumstances relating to a mistake as is claimed in this case would only go in mitigation of such penalty.

It follows therefore that the court was correct in giving the instruction of its own motion to the jury and in refusing the instruction asked for by defendant.

The judgments are affirmed.