TRINITY UNIVERSAL INS. CO. v. STOBAUGH

5-3602                                                          395 S. W. 2d 24

Opinion delivered September 27, 1965.

[Rehearing denied November 15, 1965.]

*Smith, Williams, Friday & Bowen* and *William H. Sutton,* for appellant.

*Charles H. Eddy* and *Gordon & Gordon,* for appellee.

PAUL WARD, Associate Justice. This action involves a question of coverage under an automobile liability insurance policy. There is very little, if any, dispute as to the facts involved.

A Mrs. Estes and her daughter who are residents of Pecos, Texas came to Conway County (this state) in July, 1963 on a visit. They came in a car insured by appellant— Trinity Universal Insurance Company—a Texas corporation. On July 8, 1963 there was a collision in Conway County between Mrs. Estes' car and a car owned (and being driven at the time) by appellee—Syble Stobaugh. The Estes car was being dirven at the time of the accident by one Bob Millsaps with the consent of Mrs. Estes. At the time of the collision it was evident that appellee's car was slightly damaged, but there was no indication or claim that appellee was injured. Mrs. Estes promptly agreed to pay for the damage to appellee's car, and in a few days she and her daughter returned to their home in Texas. Mrs. Estes did not notify appellant of the accident for several days as is later pointed out.

On September 10, 1963 appellee's attorneys wrote Mrs. Estes a letter stating that appellee had been injured in the accident; that they presumed she had notified her insurer and that a suit would likely be filed. A copy of this letter was sent to the Producer's Insurance Agency at Pecos, Texas—an affiliate of appellant. At any rate appellant's agent contacted Mrs. Estes promptly and had her sign a Reservation Agreement which gave appellant the right to investigate the case and even defend the proposed suit without waiving any of the policy provisions designed to protect its rights.

Later appellee sued Mrs. Estes and Millsaps and secured a judgment against Millsaps (on March 17, 1964) in the amount of $10,000 for alleged personal injuries, but no judgment was entered against Mrs. Estes. Attorneys employed by appellant defended that suit for Mrs. Estes and Millsaps.

*Pleadings.* On May 29, 1964 appellee filed a complaint against appellant in the Circuit Court of Conway County alleging in substance: she secured judgment against Millsaps in the amount of $10,000 on March 23, 1964; that appellant defended Millsaps in that action; that said judgment had not been paid by appellant; and, that she understands $5,000 is the limit of appellant's

liability under its policy. The prayer was for judgment in the sum of $5,000. In appellant's answer the only defense to the above complaint was (in effect) that ". . . the insured must immediately notify the defendant company upon the happening of an accident for which coverage was to be claimed. No person claiming insurance under the defendant's policy gave notice to the defendant of the accident of July 8, 1963 within the time specified by the policy."

In reply appellee stated that Millsaps was operating the automobile owned by Mrs. Estes with her permission; that under the provisions of the insurance policy Millsaps was an "insured," and that no Reservation Agreement was ever obtained from Millsaps; and, that the acts of the insurance company (appellant) constituted a waiver of the provisions of the policy concerning notice.

In appellant's brief it is stated: "Appellant defended on the ground that notice was not given 'as soon as practical' as required by the policy."

Upon a trial the jury returned a verdict in favor of appellee in the sum of $5,000 for which amount judgment was entered. The trial court also gave appellee judgment in the amount of $600, being a 12% penalty, and allowed a $2,000 attorneys' fee.

1. It is first contended by appellant that the trial court should have directed a verdict in its favor at the close of all the testimony because it is undisputed that appellee did not give notice of the accident until some forty days after it occurred, and that, as a matter of law, this was not a proper notice. It would serve no useful purpose to answer all the arguments presented on this point because, as hereafter set out, we have concluded the matter of adequate notice was a question for the jury under the facts of this particular case.

2. After a careful review of the record and the pertinent decision we hold that the jury had a right to decide whether proper notice (under the provisions of the policy) was given to appellant in this case, and we also hold there is in the record sufficient evidence to support

a finding by the jury that proper notice was given. The pertinent portion of the policy relating to notice reads as follows:

"In the event of an accident, occurrence or loss, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof . . . shall be given by or for the insured to the company or any of its authorized agents as soon as practicable."

It would serve no useful purpose to detail all the testimony because beyond doubt there is sufficient evidence from which the jury could have made the following findings: when the accident occurred on July 8, 1963 there was nothing to indicate to Mrs. Estes that appellee had suffered any physical injury for which a claim would be made against her or Millsaps; appellee did make known (through her attorney) to Mrs. Estes some time in September, 1963 that a claim for personal injuries would be made against her and Millsaps; and, Mrs. Estes notified appellant (through its agent) of the claim almost immediately after she was advised of it.

Appellant appears to take the view that since appellee (or Millsaps in this instance) did not give notice of the accident until some 40 days had elapsed, the trial court should, as a matter of law, have found no proper notice was given. We do not agree with this view. The rule which we think reasonable, and which has been uniformly adopted by this and other courts, is that the insured need not give notice to the insurer if the accident appears trivial unless a claim is anticipated. *Home Indemnity Co.* v. *Banfield Brothers Packing Company, Inc.*, 188 Ark. 683, 67 S. W. 2d 203; *American Fidelity & Casualty Company, Inc.* v. *Northeast Ark. Bus Lines, Inc.*, 201 Ark. 622, 146 S. W. 2d 165; *Maryland Casualty Company* v. *Waggoner,* 193 Ark. 550 101 S. W. 2nd 451. Appleman, Insurance Law & Practice, Vol. 8, Sect. 4743 States: "It has been held that the insured need not report every trivial accident, but if an ordinary prudent individual acting reasonably would consider, under all the circumstances, that the accident was inconsequental and that no

claim for damages would be made, notice need not be given the insurer.''

Therefore we hold that the trial court was correct in submitting to the jury the question of proper notice. Appellant objects to two instructions given to the jury on this point, but we have carefully examined the same and find that they are in accord with the rule just stated.

3. Since there is no way of knowing on what ground the jury based its finding in favor of appellee (the case not being presented to the jury on interrogatories) it becomes necessary to consider whether the question of waiver of notice was properly presented to the jury. The only objection under this point is to Instruction No. 3 given by the court. It reads:

''You are instructed that the Plaintiff contends that the insurance company waived the provision of said policy requiring the giving of notice as soon as practicable of the accident. You are instructed that waiver is a voluntary and intentional relinquishment of a known and existing right, or such conduct as warrants an inference of the relinquishment of such right.

''If you find from the evidence that the insurance company did not obtain a 'non-waiver' or 'reservation agreement' from Bob Millsaps, and if you further find that the conduct of the insurance company, its agents and servants, in investigating the accident, employing attorneys to defend the action, and filing pleadings amounted to a waiver of the policy provision concerning notice of the accident, then you are told that the insurance company cannot now defeat said policy by pleading a breach of the policy on account of the failure to give notice as soon as practicable.''

The objection made by appellant to the giving of said instruction was that there was no proof in the record to sustain a finding of waiver on behalf of appellant. We do not find that the basis of this objection is sustained by the record. It is true that on January 30, 1964 appellant wrote a letter to Mrs. Estes and sent a copy to Millsaps at his home address. In this letter appellant stated that it would

defend the lawsuit brought by appellee against them, but without waiving any of its rights under the provisions of the insurance policy—such as proper notice. The record discloses, however, that previously appellant had undertaken an investigation of the matter and had (through its attorneys) filed an answer for Millsaps in the suit wherein he was being sued by appellee. These facts, we think, justified the trial court in submitting to the jury the question of waiver.

4. We find no merit in the contention that the trial court erred in allowing appellee to file a reply more than 20 days after appellant's answer was filed. Ark. Stat. Ann. § 27-1137 (Repl. 1947) relied on by appellant has no application. That section applies where the answer contains a counterclaim or set-off, which is not the situation here.

5. In view of the conclusions we above set out it follows, without question, that the court was correct in assessing the 12% statutory penalty against appellant, and in allowing a reasonable attorneys' fee. The reasonableness of the amount of the fee herein fixed is not questioned.

Affirmed.

Supplemental opinion on denial of rehearing P. 982.