Roy L. BALENTINE *v.*
ARKANSAS STATE BOARD OF EDUCATION

84-224                                                684 S.W.2d 246

Supreme Court of Arkansas
Opinion delivered February 18, 1985

*Guy Jones, Jr., P.A.,* for appellant.

*Steve Clark,* Att'y Gen., by: *C. R. McNair, III,* Asst. Att'y Gen., for appellee.

GEORGE ROSE SMITH, Justice. The State Board of Education, after a hearing, revoked the appellant's certificate as a school superintendent. The circuit court upheld the revocation. Upon this appeal, which comes to us under Rule 29(1)(c), the appellant does not question the accuracy of the State Board's finding that Balentine knowingly falsified the records of the Timbo School by overstating the number of students enrolled, the number of students transported to the school, and the number of school lunches for which reimbursement was claimed. Instead, the appellant makes one argument, that the State Board's action was not authorized by the controlling statute, Ark. Stat. Ann. § 80-1228 (Repl. 1980).

The pertinent part of the statute is its first sentence:

> The State Board of Education is hereby directed to revoke the teachers certificate of any teacher of this State who knowingly falsifies any attendance records kept by such teacher that are used in computing the average daily attendance of the school district in which the teacher teaches, and the State Board of Education is hereby directed to revoke the certificate of any superintendent of schools who knowingly permits or requires any teacher to falsify such attendance records.

It is argued that the statute directs the State Board to revoke a superintendent's certificate only when he permits or requires a teacher to falsify an attendance record, not when he falsifies the record himself.

We are not persuaded by this argument. Attendance records are ordinarily kept by teachers or other employees, not by the superintendent. The legislature expressed its intention to prohibit falsification of the records by punishing teachers who falsify them and superintendents who permit or require teachers to do so. Even though the statute is penal, it is a civil measure, not a criminal one. We must not construe it so narrowly as to exclude cases which the statutory language, in its ordinary acceptation, would embrace. *St. Louis I.M. & S. Ry.* v. *Waldrop,* 93 Ark. 42, 123 S.W. 778 (1909). In the case at bar the circuit judge was right

in his understanding of the legislative purpose:

> The obvious purpose of the Act in question in this case is to prevent the falsification of attendance records to the State. The purpose of the Act was not to prevent superintendents from directing teachers to falsify records, but to prevent anyone in authority including the superintendent from falsifying records to the State.

We adopt his reasoning and affirm his judgment.

Affirmed.